UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM BROWN III,

    Plaintiff,

-vs.-                                **DEMAND FOR JURY TRIAL**

VAN RU CREDIT CORPORATION,
An Illinois Corporation,

    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, William Brown III, through counsel, Michigan Consumer Credit Lawyers, by Gary Nitzkin states the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

# JURISDICTION

2. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. 1367.

## PARTIES

4. Plaintiff is a natural person residing in Wayne County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is also a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

5. The Defendant to this lawsuit is Van Ru Credit Corporation which is an Illinois company that maintains registered offices in Ingham County.

## VENUE

6. The transactions and occurrences which give rise to this action occurred in Wayne County, Michigan.

7. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

8. Plaintiff had a student loan debt with Michigan Guaranty Agency. This is a debt that Plaintiff incurred for personal, family and/or household use. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA, MCPA and MOC ("The Debt").

9. Sometime around late March 2014 or early April 2014, Defendant mailed a letter to Plaintiff's business attempting to locate his payroll information.

10. On or about April 14, 2014 Defendant called Plaintiff's business and left a message as follows: "Good morning, my name is Kay and I'm calling from Van Ru Credit Corporation. If someone from the payroll department can please return my phone call my phone number is (877) 419-5627 and the reference number is *****488; again my telephone number is (877) 419-5627 and reference number is *****488." This message was a communication in connection with the collection of a debt, as defined at 15 U.S.C. 1692a(2).

11. The above voice mail was left in the general mail box of Plaintiff's business which is accessible by all employees of Plaintiff's business.

12. One employee, Brandon Harris, heard this message and is aware that Defendant is a debt collector. Mr. Harris is the person who informed Plaintiff of this received message.

13. To date, Plaintiff has not personally received anything in writing from the Defendant.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates the preceding allegations by reference.

15. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

16. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

17. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

18. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692c(b) by communicating with a third party to the debt without permission from the Plaintiff or legal justification.

    b. 15 U.S.C. §1692g(a)(1)-(5) by failing to provide anything in writing to Plaintiff which contained Plaintiff's thirty-day validation notice rights, the name of the creditor to whom the debt is owed, and the amount of the alleged debt.

19. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

20. Plaintiff incorporates the preceding allegations by reference.

21. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

22. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

23. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915(i) by communicating information relating to a debtor's indebtedness to an employer's agent.

    b. MCL §339.915(n) by using a harassing, oppressive or abusive method to collect a debt by revealing to employee third party that Plaintiff owed an alleged debt.

24. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

25. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

26. Plaintiff incorporates the preceding allegations by reference.

27. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

28. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

29. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252 (i) by communicating information relating to a debtor's indebtedness to an employer's;

    b. MCL §445.252 (n) by using a harassing, oppressive or abusive method to collect a debt by revealing to an employee that Plaintiff owed an alleged debt.

30. Plaintiff has suffered damages as a result of these violations of the MCPA.

31. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

    b. Statutory damages.

    c. Treble damages.

    d. Statutory costs and attorney fees.

Respectfully submitted,

May 29, 2014

/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com