UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM BROWN III,

        Plaintiff,

v.                                     CASE NO: 14-12136
                                     HONORABLE VICTORIA A. ROBERTS

VAN RU CREDIT CORPORATION,

        Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT**

**I.    Introduction**

This case involves an alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq., as well as violations of two state laws, arising from a single telephone message left by Van Ru Credit Corporation ("Van Ru") at the business of William Brown III ("Brown"). Van Ru filed a Motion for Judgment on the Pleadings, shortly followed by Brown's Motion to File First Amended Complaint.

The Motion to File First Amended Complaint is **DENIED**. The Motion for Judgment on the Pleadings is **GRANTED**; the Court declines to retain jurisdiction over the state claims: Counts II and III are **DISMISSED** without prejudice. Van Ru's request for fees and costs is **DENIED**.

**II.    Background**

Brown incurred a student loan debt with Michigan Guaranty Agency. Van Ru, a

1

debt collector, mailed a letter in the spring of 2014 to Brown's business regarding payroll information. Brown mentions this letter but does not allege it violated the FDCPA. One of Van Ru's representatives called Brown's business on April 14, 2014 and left this message:

> "Good morning, my name is Kay and I'm calling from Van Ru Credit Corporation. If someone from the payroll department can please return my phone call my phone number is (877) 419-5627 and the reference number is *****488; again my telephone number is (877) 419-5627 and reference number is *****488."

The voicemail message was left in the general voicemail box of the business and was heard by employee Brandon Harris ("Harris"). Brown says Harris is aware that Van Ru is a debt collector. Harris informed Brown of the message. Brown says he has not received anything in writing from Van Ru. Brown says this voicemail message was an attempt to collect an alleged debt in violation of state and federal law.

### III. Discussion

#### A. Motion for Judgment on the Pleadings

The Court applies essentially the same standard of review for judgment on the pleadings as for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir.2001): ". . . [A]ll well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 240 (6th Cir.2011) (citation omitted). Although the Court's decision rests primarily on the allegations of the complaint, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint" may also be

considered. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir.2008).

To survive a Rule 12(c) motion, the plaintiff must provide grounds of entitlement to relief that are more than "labels and conclusions" and "factual allegations must be enough to raise a right of relief above the speculative level. . ." *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir.2008) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) quoting *Twombly*, 127 U.S. at 555.

### 1. The Voicemail Message is Not a "Communication" as Defined by Statute

Brown says Van Ru violated 15 U.S.C. §1692c(b) by communicating with a third party about a debt without permission or legal justification. §1692c(b) says in part:

> (b) Communication with third parties
> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

The term "communications" is defined by the FDCPA as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. §1692a(2). The voicemail message did not directly reference a debt.

Van Ru says the voicemail message is not a "communication" as defined by the

FDCPA because the message did not communicate information about a debt or the collection of a debt. The Court agrees.

The name of a company alone is not enough to reasonably be construed to indirectly imply a debt. *Brody v. Genpact Servs., LLC*, 980 F. Supp. 2d 817, 820-21 (E.D. Mich. 2013). In *Brody*, the plaintiff claimed violations of two FDCPA provisions: section 1692e(10) prohibiting false representation or deceptive means regarding debt collection, and section 1692e(11) which requires the disclosure of certain information during an initial communication with the consumer. *Brody*, 980 F.Supp. at 819. Neither provision is at issue here. However, *Brody* is instructive because the voicemail left was similar and because the court determined it was not a "communication" as statutorily defined:

> This message is for Theresa Brody. My name is Kevin Archer calling from Genpact Services. Call me back at 866-544-0753. Again, 866-544-0753 and my name is Kevin Archer and I am calling from Genpact Services. Please call me back. Have a great day.

The *Brody* defendant argued, also in a motion for judgment on the pleadings, that the contents of the message did not trigger liability under the statute because it wasn't a "communication" as defined by the FDCPA. *Id*. The court considered whether the message indirectly conveyed information regarding a debt. *Id*. at 820. The court held that one piece of "nongeneric" information, the name of the company "Genpact" itself, "cannot reasonably be construed to imply a debt." *Id*.

The Court finds *Brody* instructive. The name of the company Van Ru, alone, cannot be reasonably construed to imply a debt. The only additional information provided was a reference number. These two pieces of information, without more, are

insufficient to imply the existence of a debt.

Brown says "communications" under the FDCPA is broadly defined and the complaint factually sets forth a plausible claim that the voicemail message was a "communication." Brown contends the majority of courts addressing indirect references to debt have held messages which do not convey specific information nonetheless are "communications." None of the cases cited by Brown is from the Sixth Circuit. Additionally, the cases relied on by Brown involve messages left for the debtor, not for a third party. While it is certainly true that the FDCPA is intended to be interpreted broadly, it is also true that for a message to be considered a "communication" it must directly or indirectly reference a debt. The message left by Van Ru was too generic to be a communication since it was not left for the debtor and because the reference number could have referred to any number of matters.

Brown says there is evidence Harris knew or inferred the message involved a debt owed by Brown. Brown attempts to distinguish two cases cited by *Brody* and relied upon by Van Ru. *Marx v. General Revenue Corp.*, 668 F.3d 1174 (10th Cir. 2011) (fax seeking to verify employment status for purpose of garnishment was not a "communication" since it did not expressly reference debt and there was no evidentiary showing that plaintiff's employer knew or inferred the fax involved a debt); *Hanson v. Green Tree Servicing, LLC*, 12-2933, 2013 WL 4504290, at *1 (D. Minn. Aug. 23, 2013) (no violation of §1692c(b) where telephone call revealed only the name of the caller, company, and a call back number).

Van Ru says it is irrelevant what Harris may or may not have known because the standard is objective -- it doesn't matter what the particular hearer may or may not have

5

known. Van Ru is correct. The Sixth Circuit uses the "least sophisticated consumer" standard to assess whether particular conduct violates the FDCPA. *Barany-Snyder v. Weiner*, 539 F.3d at 333. This standard is intended to protect all consumers including the "gullible as well as the shrewd." *Id*. Applying an objective standard, a person hearing the message left by Van Ru would not necessarily know Van Ru was a debt collector or that a message intended for payroll somehow implicated Brown.

Brown says a debt collector may not communicate with a debtor's employer; he references §1692c(b). Brown says the one exception to this rule is §1692b(1) which allows a debt collector to communicate with a third party for the purpose of acquiring location information.

Van Ru responds by saying it was attempting to reach payroll to potentially initiate an administrative wage garnishment. Van Ru contends the FDCPA does not prohibit all contact with an employer to the extent a debtor can circumvent the garnishment process as mandated by the Higher Education Act, 20 U.S.C. §1095a. Van Ru says Brown ignored the documents it attached to its answer, which relate to garnishment.

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. §1692(e).

Brown does not address the issue of garnishment. The Court declines to decide the scope of permissible contact between a debt collector and an employer. Taking the allegations of the complaint as true, the voicemail message does not fall within the

definition of "communication." Brown fails to state a claim under §1692c(b).

### 2. The Voicemail Message is Not an "Initial Communication"

Brown says the voicemail message violated §1692g(a)(1-5) because it was the "initial communication" with Brown as a debtor, triggering certain notice requirements which Van Ru failed to provide. 15 U.S.C.A. §1692g states, in part:

> (a) Notice of debt; contents
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Brown says the message was an initial communication, and in choosing to leave a message in the general mailbox, Van Ru risked having the message reach Brown. Van Ru disagrees.

The voicemail message is not a "communication" as defined by statute. Furthermore, the Court finds the message was left for payroll and was not intended to

reach Brown, nor to solicit a response from Brown. Accordingly, this message is not an initial communication with a debtor triggering notice requirements. Brown fails to state a claim under §1692g.

### 3. State Law Claims

Brown alleges the voicemail message violates the Michigan Regulation of Collection Practices Act, M.C.L. §445.251-§445-258, and the Michigan Occupational Code, M.C.L. §339.901-339.920. If Brown's federal claim fails, Van Ru requests the Court to decline jurisdiction over the remaining state law claims.

Brown says he has a viable federal claim and the Court should retain jurisdiction over the state law claims.

"[T]his circuit has adopted the position that the district courts have minimal discretion to decide pendent state law claims on the merits once the basis for federal jurisdiction is dismissed before trial." *Province v. Cleveland Press Pub. Co.,* 787 F.2d 1047, 1055 (6th Cir.1986). However, "overwhelming interests in judicial economy" may allow a district court to properly exercise jurisdiction over state law claims after the federal claim is dismissed. *Id.*

The Court finds, however, that its investment of time and judicial resources is not so great to justify retaining jurisdiction over the state law claims.

### 4. Defendant is Not Entitled to Fees and Costs

Van Ru says it is entitled to reasonable costs and fees under 15 U.S.C. §1692k(a)(3). Van Ru says it provided Brown with applicable case law and simple legal research would have revealed that Brown's claims lack merit. Van Ru says when a defendant warns a plaintiff that his claims are without a basis in law, and the plaintiff

refuses to dismiss untenable claims, fees and costs are properly awarded.

The Court may award defendant reasonable attorney fees and costs "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment...." 15 U.S.C. § 1692k(a)(3). To prevail, defendant must prove plaintiff's entire lawsuit - not just a single claim - was brought in bad faith and for the purpose of harassment. *Adams v. Bureau of Collection Recovery, LLC,* No. 10-12818, 2011 WL 3204759, at *1 (E.D. Mich. July 28, 2011) citing *Horkey v. J.V.D.B. & Assocs.,* 333 F.3d 769, 775 (7th Cir.2003). The Seventh and Ninth Circuits have declined to award attorney fees when a claim is "minimally colorable" and without additional facts supporting bad faith or harassment. *Horkey*, 333 F.3d at 775; *Guerrero v. RJM Acquisitions, LLC*, 499 F.3d 926, 940 (9th Cir.2007).

Brown says the lawsuit was brought in good faith. Brown says his claims are grounded in fact and law and he is not obligated to dismiss his lawsuit based on non-binding opinions that he believes are distinguishable.

The Court considers Brown's FDCPA claim to be minimally colorable under the least sophisticated debtor standard. Additionally, the Court has not considered the merits of the state law claims. In the absence of other facts, or Sixth Circuit authority on these issues, the Court declines to find the entire lawsuit was brought in bad faith or for the purpose of harassment. Van Ru's request for fees and costs is **DENIED**.

### B.     Motion to Amend the Complaint

Brown seeks to file a First Amended Complaint providing additional factual support based on an affidavit by Brandon Harris. The affidavit adds the following, "Mr. Harris is also aware that any personal calls received at Plaintiff's business are intended

solely for the Plaintiff." Brown says amending the Complaint will cure any alleged deficiency raised by Van Ru's Motion for Judgment on the Pleadings. The Court disagrees and finds that such amendment would be futile.

Leave to amend must be freely granted when justice so requires. Fed.R.Civ.P. 15(a). However, leave to amend can be denied if there is a good reason, such as undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Brown does not elaborate on how the amended complaint saves his claim. Taking Brown's allegation as true - that Harris knew the call was for Brown - does not transform the voicemail message into a "communication." Nor does it save the §1692g claim because, objectively, the call was left for payroll, not Brown. Even if Harris believed a call for "payroll" was actually a personal call for Brown, such a finding would be based on subjective knowledge. *Webb v. Asset Acceptance, LLC,* 11–4163, 2012 WL 4799610, at *1 (6th Cir. Oct.10, 2012) (citation omitted) ("Courts use the 'least sophisticated consumer' standard, an objective test, when assessing whether particular conduct violates the FDCPA.").

Brown's Motion to File a First Amended Complaint is **DENIED** as futile.

## IV. Conclusion

The Motion to File First Amended Complaint is **DENIED**. The Motion for Judgment on the Pleadings is **GRANTED**; the Court declines to retain jurisdiction over the state claims: Counts II and III are **DISMISSED** without prejudice. Van Ru's request

for fees and costs is **DENIED**.

      **IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 16, 2015

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 16, 2015.
>
> S/Carol A. Pinegar
> Deputy Clerk